UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ASHLEY LAMONTAGNE ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF | § § § | |
| v. | § § | CIVIL ACTION NO. 2:25-cv-531 |
| SOUTHERN TRANSPORT, LLC AND SOUTHERN LIFTING AND HOISTING, LLC, | § § § § § | |
| DEFENDANTS | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Ashley Lamontagne ("Named Plaintiff") on behalf of herself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred to as "Plaintiffs"), brings this unpaid overtime lawsuit against Defendants Southern Transport, LLC and Southern Lifting and Hoisting, LLC ("Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. Plaintiff initially worked for Defendants as an hourly crane operator. Defendants refused to pay her for all the overtime she worked as a crane operator. Plaintiff then became a salaried field safety coordinator, and Defendants refused to pay her for any of the overtime hours she worked. Defendants have violated the FLSA by 1) not paying their crane operators for all overtime worked, and 2) by misclassifying their field safety technicians as exempt from the overtime requirements of the FLSA and not paying them for any overtime hours worked.

2. Defendants' crane operators, including Named Plaintiff, worked more than forty hours per week but were not paid for all overtime hours worked.

3. Defendants' field safety technicians, including Named Plaintiff, worked more than forty hours per week but were not paid overtime premiums for any hours worked over forty per workweek.

4. Because other putative plaintiffs are similarly situated to the Named Plaintiff concerning the work performed and the Defendants' compensation policies, Named Plaintiff seeks to provide notice of this matter to all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

## II.  PARTIES

5. Named Plaintiff Ashley Lamontagne is an individual residing in Texas.  Her notice of consent is attached as Exhibit A.

6. Plaintiffs are Defendants' current and former crane operators and field safety coordinators who were either not paid all overtime they were due (crane operators) or were not paid any of the overtime they were due (field safety coordinators).

7. Defendant Southern Transport, LLC ("Southern Transport") is a domestic corporation formed and existing under the laws of the State of Texas.

8.  Southern Transport was an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

9. Southern Transport may be served by serving its registered agent for service of process, Thomas Ivy, at 24291 FM 1252, Gladewater, Texas 75647.

10. Defendant Southern Lifting and Hoisting, LLC ("Southern Lifting") is a domestic corporation that jointly employed Named Plaintiff and those similarly situated.

11.  Southern Lifting was an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

12. Southern Lifting may be served by serving its registered agent for service of process, Thomas Ivy, at 2409 State Highway 135, Kilgore, Texas 75662.

13. Both Southern Transport and Southern Lifting share the same owners and directors.

14. Both Southern Transport and Southern Lifting share the same employees.

15. Both Southern Transport and Southern Lifting jointly employed Named Plaintiff and those similarly situated.

16. The joint employment doctrine "treats a worker's employment by joint employers as 'one employment' for purposes of determining compliance with the FLSA's wage and hour requirements." *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 134 (4th Cir. 2017); accord 29 C.F.R. § 791.2(a) ("[A]ll of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act."). Thus, a finding of joint employment requires that the joint employers be held jointly and severally liable for any failure to pay proper overtime compensation. *Wirtz v. Hebert*, 368 F.2d 139, 141 (5th Cir. 1966); *Mitchell v. John R. Cowley & Bro., Inc.*, 292 F.2d 105, 111–12 (5th Cir. 1961).

### III. JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law. Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

18. The Court has personal jurisdiction over Defendants because Defendants conduct business in Texas, have entered into relationships with Named Plaintiff in Texas, and have committed actions in Texas that give rise to this cause of action.

19. Venue is proper in the Eastern District of Texas, Marshall Division, pursuant to 28 U.S.C. § 1391(b), because Defendants do business in this Division, and Plaintiff has performed work for Defendants in this Division.  Since Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this District and Division.  Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV.  COVERAGE UNDER THE FLSA

20. At all relevant times, Defendants have jointly or individually acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

21. At all times hereinafter mentioned, Defendants have jointly or individually been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all times hereinafter mentioned, Defendants Southern Transport and Southern Lifting have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all times hereinafter mentioned, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants Southern Transport and Southern Lifting are each an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 each (exclusive of excise taxes at the retail level which is separately stated).

24. Named Plaintiff and those similarly situated handled and otherwise worked with equipment, such as telephones, computers and vehicles that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

25. At all times hereinafter mentioned, Named Plaintiff and those similarly situated were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

26. Defendants both provide lifting, logistics, and hauling services across multiple states for industries including renewable energy, oil and gas, civil construction, and HVAC/air handling, among others.

27. Defendants each supply crane operators to assist clients with hauling and lifting various types of industrial equipment.

28. Defendants also provide field safety coordinators to monitor and coordinate workplace safety at their worksites.

29. Named Plaintiff was an hourly crane operator from October 2023 through March 2024.

30. Named Plaintiff was a salaried field safety coordinator from March 2024 through May 9, 2025.

31. Throughout her employment with Defendants, Named Plaintiff consistently worked more than forty hours per workweek in both her capacities as a crane operator and as a field safety coordinator.

32. As a crane operator, Named Plaintiff was paid hourly but not for all overtime hours worked.

33. For example, Named Plaintiff routinely conducted work at her residence before driving to her assigned worksite.  Even though the worksite may have been more than one hour away, Defendants only compensated Named Plaintiff for one hour of her drive, at a reduced rate, without crediting total drive time towards total hours worked.

34. Defendants would again compensate Plaintiff for only one hour of her return drive home at a reduced rate, even though the drive may have and typically exceeded one hour. Again, Defendants would not credit total drive time towards total hours worked, even though Plaintiff performed work at home after she arrived at her residence.

35. Those employed as hourly crane operators or in substantially similar positions were treated similarly to Named Plaintiff, in that they were also not credited with all hours worked, depriving them of overtime hours in weeks in which they worked close to or exceeding forty hours.

36. As a field safety coordinator, Named Plaintiff was paid a salary that Defendants told her was intended to cover 45 hours per week, with the expectation that each day she could take a one-hour, uninterrupted lunch.

37. This claim was false, as there was no time to take any lunch, much less an hour lunch.

38. Additionally, Plaintiff consistently worked significantly more than 45 hours per week.

39. As a field safety coordinator, Named Plaintiff was not paid overtime premiums for any hours worked in excess of forty in a workweek.

40. Those employed as field safety coordinators or in substantially similar positions were also paid a salary and were not paid overtime premiums for any hours worked in excess of forty in a workweek.

41. While employed by Defendants as a field safety coordinator, Named Plaintiff's primary job duty was not the performance of work directly related to Defendants' management or general business operations or those of their customers.

42. While employed by Defendants as a field safety coordinator, Named Plaintiff's primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

43. While employed by Defendants as a field safety coordinator, Named Plaintiff did not have the authority to hire or fire other employees, and any suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

44. Rather, Named Plaintiff's daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendants.

45. Although they consistently worked more than forty hours per week, Plaintiffs were either not paid for all overtime hours worked (crane operators) or were misclassified and not paid at all for their overtime hours (field safety coordinators). Defendants required Plaintiffs to work the long hours described above and thus knew that Named Plaintiff and those similarly situated regularly worked in excess of 40 hours per workweek.

46. Nonetheless, Defendants failed and refused to compensate the Named Plaintiff and those similarly situated for their unpaid overtime premiums for all hours worked in excess of 40 in a workweek.

47. Defendants have employed and are employing other individuals as crane operators and field safety coordinators who have performed the same or similar job duties under the same pay provisions as Named Plaintiff, have consistently worked in excess of forty hours in a workweek and have been denied some or all of their overtime compensation.

48. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to Named Plaintiff and those similarly situated.

## VI. COLLECTIVE ACTION ALLEGATIONS

49. Named Plaintiff and those similarly situated have performed—and are performing—the same or similar job duties as one another. Named Plaintiff and those similarly situated were all subjected

to violations of the FLSA in that they were either not paid overtime premiums for a) all overtime hours worked in their capacity as crane operators or b) any hours worked over forty in a workweek in their capacity as field safety coordinators.

50. Thus, the members of each of the two different classes are owed all the overtime premiums for which they are due for all hours worked over forty in a week without regard to their individualized circumstances.

51. Defendants have a policy or practice of not paying either their crane operators or their field safety coordinators overtime premiums. This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiff and all those similarly situated. The application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applied to all those similarly situated. Accordingly, those similarly situated are properly defined in two sub-classes as:

> **1) All current and former crane operators of Defendants who were not paid for all overtime hours worked each workweek, and 2) all current and former field safety coordinators who were paid a salary and who were not paid any overtime premiums.**

## VII.  CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

52. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at their applicable overtime premiums.

53. Defendants have acted willfully in failing to pay Named Plaintiff and all others similarly situated in accordance with applicable law.

54. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime pay are applicable to the Named Plaintiff or those similarly situated.

## VIII.  JURY DEMAND

55. Plaintiffs demand a jury trial.

## IX. PRAYER FOR RELIEF

Named Plaintiff, on behalf of herself and all others similarly situated, prays for an expedited order directing notice to the putative class members pursuant to 29 U.S.C. § 216(b) and, on trial of this cause, judgment against Defendants Southern Transport, LLC and Southern Lifting and Hoisting, LLC, jointly and severally, as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

   b. For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

   c. For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees;

   d. For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

   e. For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

   f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

WELMAKER LAW, PLLC

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**