IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ASHLEY LAMONTAGNE ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiff*,<br><br>v.<br><br>SOUTHERN TRANSPORT, LLC AND SOUTHERN LIFTING AND HOISTING, LLC,<br><br>*Defendants*. | CIVIL ACTION NO. 2:25-CV-00531<br><br><br><br>JURY DEMANDED |

**DEFENDANTS' ORIGINAL ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendants Southern Transport, LLC and Southern Lifting and Hoisting, LLC (collectively "Defendants") file this Original Answer, Defenses, and Affirmative Defenses (collectively, "Answer") to the Original Complaint ("Complaint") filed by Plaintiff Ashley Lamontagne ("Plaintiff" or "Lamontagne"), and answer the allegations in the Complaint as follows:

**LIMITED GENERAL DENIAL**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants deny all allegations contained in the Complaint except those expressly admitted below.

**ANSWER TO PLAINTIFF'S ALLEGATIONS**

In addition to their limited general denial, Defendants specifically respond to Plaintiff's allegations as follows (which correspond to the Complaint's numbered paragraphs):

Defendants admit that in the first unnumbered paragraph Plaintiff purports to bring a collective action on behalf of herself and a proposed class of employees for alleged violations of the Fair Labor Standards Act ("FLSA"). Defendants deny there have been any alleged violations

of the FLSA and deny that the referenced employees are similarly situated.

## I. NATURE OF SUIT

1. Defendants admit the allegations in Paragraph 1 that Plaintiff initially worked as an hourly crane operator and later became a salaried field safety coordinator. Defendants deny the remaining allegations in Paragraph 1.

2. Defendants admit the allegations in Paragraph 2 that crane operators, including Plaintiff, sometimes worked more than forty hours in a week. Defendants deny the remaining allegations in Paragraph 2.

3. Defendants admit the allegation in Paragraph 3 that field safety coordinators, including Plaintiff, sometimes worked more than forty hours in a week. Defendants deny that field safety coordinators were entitled to overtime pay and further deny the remaining allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4 and further deny that notice of this lawsuit should be sent to any other employees.

## II. PARTIES

5. Defendants have insufficient information to admit or deny whether Plaintiff currently resides in Texas as alleged in Paragraph 5. Defendants admit the remaining allegations in Paragraph 5.

6. Defendants admit the allegations in Paragraph 6 that Plaintiff is a former crane operator and field safety coordinator for Defendants. Defendants deny the remining allegations in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7 that Southern Transport, LLC ("ST") is formed under the laws of the State of Texas. Defendants deny that ST is a corporation.

8. Defendants admit the allegation in Paragraph 8 that ST was an employer of Plaintiff at some point during her tenure. Defendants deny the remaining allegations in Paragraph 8.

9. Defendants admit the allegations in Paragraph 9.

10. Defendants admit the allegations in Paragraph 10 that Southern Lifting and Hoisting, LLC ("SLH") is formed under the laws of the State of Texas and that SLH was an employer of Plaintiff at some point during her tenure. Defendants deny that SLH is a corporation and deny the remaining allegations in Paragraph 10.

11. Defendants admit the allegation in Paragraph 11 that it was an employer of Plaintiff at some point during her tenure. Defendants deny the remaining allegations in Paragraph 11.

12. Defendants admit the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Paragraph 16 purports to state legal authorities with legal conclusions, as opposed to factual items, and thus Defendants are not required to provide a response to this Paragraph.

### III.   JURISDICTION AND VENUE

17. Defendants admit the allegations in Paragraph 17 that this Court has subject matter jurisdiction in this matter and personal jurisdiction over the named parties.

18. Defendants deny the allegations in Paragraph 18 that they have committed any actions giving rise to any causes of action in this matter. Defendants admit the remaining allegations in Paragraph 18.

19. Defendants admit the allegations in Paragraph 19 that venue is proper in this Court. The remainder of the allegations purports to state legal conclusions based on reference to the

United States Code, as opposed to factual items, and thus Defendants are not required to provide a response.

### IV.   COVERAGE UNDER THE FLSA

20. Defendants admit the allegations in Paragraph 20 that they have individually acted as an employer of Plaintiff at some point during her tenure. Defendants deny the remaining allegations in Paragraph 20 and further deny the allegation that there are "Class Members" relevant to this lawsuit.

21. Defendants admit the allegations in Paragraph 21 that they have been employers, but deny the legal conclusion addressing the provision of the United States Code.

22. Paragraph 22 purports to state legal conclusions based on reference to the United States Code, as opposed to factual items, and thus Defendants are not required to provide a response to this Paragraph.

23. Defendants admit the allegations in Paragraph 23 that they both have had employees engaged in commerce, have had employees engaged in handling and working on goods or materials that have been moved in commerce, and that they, individually, have had annual gross volumes of sales or business done of not less than $500,000. Concerning the remaining legal conclusions in Paragraph 23 addressing the provisions of the United States Code, Defendants are not required to provide a response.

24. Defendants admit the allegations in Paragraph 24 that Plaintiff has worked with the listed equipment that has been moved or produced in commerce, but deny that any such activity by alleged "similarly situated" employees is relevant or that there are similarly situated employees. Defendants also are not required to answer this Paragraph to the extent it contains legal conclusions through reference to the United States Code.

25. Paragraph 25 purports to state legal conclusions based on reference to the United States Code, as opposed to factual items, and thus Defendants are not required to provide a response to this Paragraph to the extent such is the case. Defendants admit that Plaintiff is an individual who was employed as an employee. Defendants deny the remaining factual allegations.

## V.  FACTUAL ALLEGATIONS

26. Defendants admit the allegations in Paragraph 26.

27. Defendants admit the allegations in Paragraph 27.

28. Defendants admit the allegations in Paragraph 28.

29. Defendants admit the allegation in Paragraph 29 that Plaintiff commenced working as a crane operator in October 2023, but deny the remaining allegations.

30. Defendants admit the allegations in Paragraph 30 that Plaintiff ceased working as a field safety coordinator on about May 9, 2025, but deny the remaining allegations.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants have insufficient information to admit or deny the allegations in Paragraph 33 that Plaintiff "routinely" conducted work at her home before driving to her assigned worksite, but states she never informed Defendants she did this if in fact such is the case. Defendants deny the remaining allegations in Paragraph 33.

34. Defendants have insufficient information to admit or deny the allegations in Paragraph 34 that Plaintiff conducted work at her home after she arrived at her residence after her assigned workday, but states she never informed Defendants she did this if in fact such is the case. Defendants deny the remaining allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35, deny that any treatment accorded

other crane operators is relevant to this lawsuit, and further deny that there were any employees with positions "substantially similar" to that of crane operators.

36. Defendants admit the allegations in Paragraph 36 that when Plaintiff served as a field safety coordinator she was paid a salary. Defendants deny the remaining allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37 and further deny that any such "claim" was ever made to Plaintiff.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants admit the allegations in Paragraph 39 and further state that the field safety coordinator position is a salaried exempt position.

40. Defendants admit the allegations in Paragraph 40 that field safety coordinators were paid a salary and further state that the field safety coordinator position is a salaried exempt position. Defendants deny the allegation in Paragraph 40 that there were any employees with positions "substantially similar" to that of field safety coordinators.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants admit the allegations in Paragraph 43 that as a field safety coordinator Plaintiff did not have the unilateral authority to hire or fire other employees, but deny the remaining allegations.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46 and further deny that any treatment accorded employees other than Plaintiff is relevant to this lawsuit.

47. Defendants admit the allegations in Paragraph 47 that they employ other individuals as crane operators and field safety coordinators, but deny that they are necessarily similar to the roles performed by Plaintiff. Defendants further deny the remaining allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

## VI. COLLECTIVE ACTION ALLEGATIONS

49. Defendants deny the allegations in Paragraph 49, specifically deny that Plaintiff was improperly compensated, and further deny that the referenced employees are similarly situated or that the treatment accorded any person other than Plaintiff is relevant to this lawsuit.

50. Defendants deny the allegations in Paragraph 50, specifically deny that any employees were improperly compensated, and further deny that the referenced other employees are similarly situated, that the treatment accorded any person other than Plaintiff is relevant to this lawsuit, or that any person's "individualized circumstances" can properly be ignored.

51. Defendants deny the allegations in Paragraph 51 and further deny that the listed sub-classes are proper or that Defendants' employees are "similarly situated" such that they can properly be grouped and their personal, individualized circumstances ignored.

## VII. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

52. Defendants admit the allegations in Paragraph 52 that Plaintiff and some other employees sometimes worked weeks that were longer than 40 hours. To the extent Paragraph 52 purports to state legal conclusions based on, among other things, reference to the United States Code, as opposed to factual items, Defendants are not required to provide a response to these legal conclusions. Defendants deny the remaining allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

## VIII. <u>JURY DEMAND</u>

55. Defendants admit that Plaintiff has demanded a jury trial in Paragraph 55, but deny that a jury may decide all of the issues in a lawsuit alleging violations of the FLSA.

## IX. <u>PRAYER FOR RELIEF</u>

Defendants are not required to respond to Plaintiff's Prayer. However, to the extent that the Prayer asserts factual allegations, Defendants deny every allegation contained therein and all subparagraphs thereto. Further, Defendants deny that they violated the FLSA or any other law with respect to Plaintiff or any other employee and that expedited or other notice to any other of their employees is warranted. Moreover, Defendants deny that Plaintiff suffered any damages because of any acts and/or omissions by Defendants. Defendants further deny Plaintiff is entitled to any of the relief sought in the Complaint.

## X. <u>DEFENSES AND AFFIRMATIVE DEFENSES</u>

Subject to and without waiving the foregoing, Defendants assert the following defenses and affirmative defenses which, individually and in combination, bar Plaintiff's right to recover, in whole or in part, the claims and damages alleged in the Complaint. Defendants do not assume the burden of proof except to the extent required for true affirmative defenses.

1. Plaintiff fails to state a factually or legally cognizable claim upon which relief can be granted.

2. Plaintiff has failed to identify a proper putative class and has failed to define the putative class with sufficient particularity.

3. Neither Plaintiff nor any members of the proposed putative class are similarly situated and class or collective action treatment is improper, and would violate Defendants' due

process rights. Plaintiff cannot meet the prerequisites for collective or class certification, including conditional certification.

4. Plaintiff is not a proper class representative and lacks standing.

5. Certification and/or notice to a potential class would be improper.

6. Defendants acted in good faith, with the reasonable belief that they complied with the law.

7. Defendants did not willfully deprive Plaintiff or any of the potential class members of any due compensation.

8. Defendants' pay practices were undertaken in good faith and pursuant to, among other things, long-standing industry standards and practices.

9. Depending on the scope of the putative class in the unlikely event of certification, the claims of Plaintiff and some or all potential class members are barred, in whole or in part, by limitations as set forth at 29 U.S.C. § 255(a).

10. Depending on the scope of the putative class in the unlikely event of certification, Plaintiff and some or all potential class members were fully compensated for all hours worked in accordance with the requirements of the FLSA.

11. Plaintiff meets one or more exemptions from overtime pay, including the Highly Compensated Employee exemption, administrative exemption, Executive exemption, some combination of the foregoing exemptions, Motor Carrier Act exemption, and possibly other applicable exemptions. Depending on the scope of the putative class in the unlikely event of certification, some or all potential class members meet those and possibly other applicable exemptions.

12. Depending on the precise claims asserted, and subject to discovery, some or all of the hours for which Plaintiff seeks overtime compensation are not hours worked under the FLSA and do not otherwise have to be included in the calculation of the regular rate of pay.

13. Depending on the scope of the putative class in the unlikely event of certification, Plaintiff and some or all of the potential class members are not entitled to liquidated damages.

14. Depending on the scope of the putative class in the unlikely event of certification, as to Plaintiff and some or all potential class members, the amount of any unpaid overtime was de minimis.

15. Plaintiff's damages, if any, are limited or capped in accordance with applicable law.

16. Plaintiff and the putative class members in the unlikely event of certification, are not entitled to compensation for time spent driving to or from the applicable job site because such conflicts with and/or violates the Portal-to-Portal Act.

17. Plaintiff is not entitled to receive pre-judgment interest because such is not available in a case brought pursuant to 29 U.S.C. §§ 216 and 260.

18. Plaintiff is not entitled to a jury determination regarding attorneys' fees or liquidated damages in a case brought pursuant to 29 U.S.C. §§ 216 and 260.

19. Neither Plaintiff nor any potential class member is entitled to any declaratory or injunctive relief.

20. Depending on the scope of the putative class in the unlikely event of certification, the Court may lack jurisdiction and/or proper venue as to claims over some potential class members.

21. Assuming *arguendo* that Plaintiff or any putative class member in the unlikely event of certification is entitled to recover damages in this action, any such amounts are subject

to offsets and deductions, including any and all payments for wages and payments in kind received during the time period for which damages are sought, including any time for which payments were made but no work was performed.

Defendants reserve the right to amend this Answer by adding defenses, counterclaims, cross claims, or other demands as additional facts are obtained through investigation and discovery. Defendants preserve and do not waive any defenses permitted by the Federal Rules of Civil Procedure or applicable law, or any other matter constituting an avoidance or defense as discovery may reveal to be applicable.

## XI    CONCLUSION

WHEREFORE, Defendants respectfully pray that on trial or other appropriate hearing, the Court grant a take nothing judgment in favor of Defendants and dismiss all of Plaintiff's causes of action with prejudice. Defendants further seek any other or additional relief, including attorneys' fees where applicable, to which they show themselves to be justly entitled.

**Dated: August 18, 2025**              Respectfully submitted,

**WEYCER, KAPLAN, PULASKI & ZUBER, PC**

By: *Merritt B. Chastain, III*
MERRITT B. CHASTAIN, III  Attorney-In-Charge
State Bar No. 00793491
S.D Tex. No. 22695
**WEYCER, KAPLAN, PULASKI & ZUBER, PC**
24 Greenway Plaza, Suite 2050
Houston, Texas  77046
Tel:  (713) 961-9045
Fax: (713) 961-5341
Email: mchastain@wkpz.com

11

        ALLEN F. GARDNER
        State Bar No.24043679
        **ALLEN GARDNER LAW, PLLC**
        609 S. Fannin
        Tyler, Texas 75701
        Tel: (903) 944-7537
        Fax: (903) 944-7856
        Email: allen@allengardnerlaw.com

        **ATTORNEYS FOR DEFENDANTS**
        **SOUTHERN TRANSPORT, LLC AND**
        **SOUTHERN LIFTING AND HOISTING, LLC**

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing *Defendants' Original Answer, Defenses, and Affirmative Defenses* has been served on counsel of record for Plaintiff by the CM/ECF system on August 18, 2025.

        */s/ Merritt B. Chastain, III*
        Merritt B. Chastain, III