IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF TEXAS MARSHALL DIVISION

| | |
|---|---|
| ASHLEY LAMONTAGNE, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>  *Plaintiffs*,<br><br>v.<br><br>SOUTHERN TRANSPORT, LLC *and* SOUTHERN LIFTING AND HOISTING, LLC,<br><br>  *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   CASE NO. 2:25-CV-00531-JRG-RSP |

## ORDER

Before the Court is the Parties' Joint Stipulation Regarding Notice to Workers. **Dkt. No. 11**. Having considered the Stipulation, and noting its joint nature, the Court finds that it should be and hereby is **ACKNOWLEDGED AND ACCEPTED**.

Accordingly, it is hereby **ORDERED** as follows:

1. By November 14, 2025, Defendants shall provide the similarly situated individuals' names, last-known mailing addresses, and their corresponding email addresses if available and mobile telephone numbers if available to counsel for Plaintiff. This group consists of all individuals who are/were employed as salaried field safety coordinators by Southern Transport, LLC and Southern Lifting and Hoisting, LLC during the period from October 14, 2022, through the present date. Defendants shall provide this information to counsel for Plaintiff in a usable electronic format.

2. By November 28, 2025, Plaintiff shall send the notice and consent forms as submitted with the stipulation, which are hereby approved by the Court, to each similarly situated worker, as well as a stamped, self-addressed envelope for the return of the consent

form. The notice shall be sent 2 out in paper form if a mailing address is available, by email if available, and by text notice if a phone number is available. The cell phone numbers provided will not be used to call any similarly situated worker, unless such worker initiates the call. The email and text subject line, if applicable, shall state "Court-Approved Notice regarding Southern Transport/Southern Lifting overtime lawsuit attached." A second copy of the notice and consent forms may be sent out thirty (30) days after the first notice is sent, by mail, email, and text.

      3.      Plaintiff is authorized to establish and maintain a website hosting the Notice and Consent forms and allowing putative collective members to electronically sign the Consent form.

      4.      Similarly situated workers who have not joined the action as of the date of this Order shall be allowed to file consents to join this action at any time on or before January 27, 2026 (the "Opt-In Period"). Similarly situated workers who have not filed consents to join this action on or before that date shall not be allowed to participate in this action (or whose forms were not postmarked by January 27, 2026), unless the parties stipulate to, or good cause is shown to the Court for allowing additional individuals joining the action after the Opt-In Period has closed.

      5.      During the Opt-In Period, the parties and their counsel are ordered not to make any communication to any similarly situated worker that has the purpose or effect of influencing his or her decision as to whether or not to join the lawsuit. The parties and their counsel each may respond to questions posed in communications initiated by similarly situated workers by providing factually accurate and verifiable information about the case. The Court cautions the parties' counsel to stay in compliance with ethical rules regarding improper

solicitation of clients or witnesses as well as ethical rules protecting against actual or apparent conflicts of interest.

6. Neither the parties nor their counsel shall use the provisions of this Order limiting contacts with similarly situated workers to gain a strategic or tactical advantage in the litigation. 3 During the Opt-In Period, Defendants shall not solicit or collect written or oral statements from similarly situated workers for the purpose of defending the case. Notwithstanding the foregoing conditions and restrictions, Defendants may collect any statements they deem necessary to respond to any motion or request for relief that is filed in this case or in any other action in which Defendants' workers assert a claim for unpaid compensation under any state or federal law.

7. This Order does not limit Defendants' right or ability to engage in communications with their current employees who are similarly situated workers for the purpose of conducting Defendants' business, rather than for gathering or communicating information about this case, and Plaintiff's counsel may engage in communications on any subject with individuals who have retained them as their counsel in this matter, as well as with Defendants' employees or former employees who are potential fact witnesses in this case.

8. The Parties are directed to file a Proposed Scheduling Order for the Phase II deadlines within thirty (30) days of the close of notice.

**SIGNED this 29th day of October, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

3